AUTOMOBILE & CYCLE CO. OF AMERICA v. MOTOR FINANCE CO. et al.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

FACTORS (§ 53*)—SALE OF GOODS—TITLE OF BUYER.

    A contract reciting that a motor car has been placed on consignment, that the consignee agrees, on a sale of the car, to pay the consignor a specified sum and interest, evidenced by a note for the amount, due in three months, and stipulating that, on the consignee selling the automobile, he will pay the note, with interest, before delivery of the car to the buyer, and that if he fails to sell the car he will become the purchaser thereof for the specified sum and pay the note, title to the car to remain with the consignor as security for the payment of the note, etc., does not require a purchaser from the consignee to ascertain whether he will pay the note, but title remains in the consignor only if the party fails to sell, and a purchaser from the consignee, who pays him the price, is entitled to a delivery of the car.

    [Ed. Note.—For other cases, see Factors, Cent. Dig. § 85; Dec. Dig. § 53.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Automobile & Cycle Company of America against the Motor Car Exchange, in which the Motor Finance Company was subsequently made a party defendant on its own motion. From a judgment for defendant the Motor Finance Company, plaintiff appeals. Reversed, and new trial ordered.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Arthur L. Fullman, of New York City, for appellant.
Otto A. Gillig, of New York City, for respondent.

GERARD, J. This action was originally brought by plaintiff against the defendant Motor Car Exchange to recover possession of a certain described motor car, and the defendant Motor Finance Company was subsequently made a party defendant upon its own application.

In September, 1912, plaintiff purchased from the defendant Motor Car Exchange the motor car referred to. After it had paid the purchase price it sent for the car, and delivery thereof was refused by the Motor Car Exchange. The action was not defended by the Motor Car Exchange, but was defended by the Motor Finance Company, which claimed that the car in question belonged to it under a written agreement between itself and the Motor Car Exchange, which agreement was filed in the office of the register of New York county. This agreement was as follows:

    "Motor Finance Company: We hereby agree to accept your 1909 American touring car, motor No. 2026. The above-described car is placed with us upon consignment upon the following terms and conditions: We agree upon the sale of the above-described automobile to pay you the sum of $400 and interest from the date hereof; and hereby give you our note for said amount for three months, with interest. Should we be able to sell for you the automobile prior to the date of this note, we hereby agree to pay the note in full, with interest from the date above mentioned, before delivery of the car to the

purchaser. We further agree that if we fail to sell for you the automobile left with us on consignment, on the expiration of the note given, we agree to become the purchasers for the sum above mentioned, and to pay the note in full and accept title to the car; the intent being that we have conditionally bought the car in question from you at the terms aforesaid. Title to the automobile is to remain with you as security for the payment of the note in full with interest. Should we find it necessary to make repairs and improvements on the automobile to help the sale of it, we hereby agree to do so without cost to you, and have the privilege of demonstrating the same at our risk.
"Motor Car Exchange, Incorporated."

It is not necessary to go into the question of law raised on the briefs of counsel, because I think that the true construction of the instrument in question is that the sentence, "Title to the automobile is to remain with you as security for the payment of the note in full, with interest," applies only to the case where the Motor Car Exchange does not sell the car, but becomes the purchaser itself. I do not think that the agreement means that the purchaser shall have to ascertain whether the Motor Car Exchange pays the Motor Finance Company, but that the intent of the agreement is that title is to remain in the Motor Finance Company only in the case of the Motor Car Exchange failing to sell the car. It is not conceivable that the agreement means, or that the parties intended, that the purchaser should, after purchasing the car and paying for it, have to wait three months, until he ascertained whether the Motor Car Exchange paid the note or not.

It follows, therefore, that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.